IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BONNIE M. McGRIFF,

      Plaintiff,

     v.

BEAVERCREEK CITY SCHOOL
DISTRICT,

      Defendant.

:

:

:

:

Case No. 3:18-cv-00372

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT BEAVERCREEK
CITY SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION TO
DISMISS (DOC. #9).

---

Defendant, Beavercreek City School District Board of Education ("Beavercreek"),

has filed a Motion to Dismiss the Amended Complaint, Doc. #9, of Plaintiff, Bonnie M.

McGriff ("McGriff" or "Plaintiff"). McGriff has filed a response opposing

Beavercreek's 12(b)(6) motion to dismiss, Doc. #10.[1] Beavercreek has filed a reply,

Doc. #11. For the reasons set forth below, Beavercreek's motion is overruled.

**I.    Factual Background and Procedural History**

According to McGriff's Amended Complaint, she is a fifty-four-year old

Caucasian female with an alleged fifty percent hearing deficiency that requires her to

wear hearing aids. Doc. #7, PAGEID#22. McGriff contends her hearing loss began at

age thirty-one and stems from nerve damage. Doc. #7, PAGEID#21. Additionally,

---

[1] McGriff has labeled Doc. #10 as a "Reply" instead of a "Response". The Court, however,
will construe the filing as a "Response."

McGriff contends that she suffers from fibromyalgia and alleges that this condition can be impacted when she experiences stress associated with her hearing issues. Doc. #7, PAGEID#22.

McGriff alleges that she has been employed as a teacher by Beavercreek since July 1996 and currently remains employed by Beavercreek. *Id.* She contends that she has taught Spanish for more than thirty years, twenty-one years of which were taught at Beavercreek. Doc. #7, PAGEID#23. McGriff has alleged that prior to the 2017-2018 school year, she was given a job transfer to teach only French. *Id.* She claims that the last time she taught French was nearly twenty years ago and that due to her hearing disability, it is very difficult for her to teach French as compared to Spanish because of the difference in the need for "discriminating ears." *Id.* According to the allegations in McGriff's Amended Complaint, Beavercreek provided younger and non-disabled employees more favorable teaching assignments than McGriff. *Id.* She further contends that her reassignment has negatively impacted her fibromyalgia. *Id.*

In response to the reassignment to teach French and not Spanish, McGriff filed a formal complaint of discrimination against Beavercreek with the Ohio Civil Rights Commission. Doc. #7, PAGEID#22. On August 15, 2018, McGriff received notice that the complaint was dismissed and that she had the right to file a civil action. *Id.* As a result, she filed this action against Beavercreek and subsequently filed her Amended Complaint, Doc. #7, on January 1, 2019.

## II.    Standard of Review

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted."  The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)).  The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does

require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

### III.    Legal Analysis

McGriff's Amended Complaint pleads two causes of action: age discrimination and disability discrimination. Beavercreek moves to dismiss both claims by first arguing that McGriff failed to plead factual allegations as required by *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. Alternatively, Beavercreek argues that McGriff has failed to plead an adverse employment action as well as a valid disability. The Court will separately address each of Beavercreek's arguments regarding these two claims.

### A.  Complaint Requirements under *Twombly* and *Iqbal*

Beavercreek first argues that dismissal of the two counts in the Amended Complaint is proper because McGriff has failed to comply with the pleading requirements of *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. "While a complaint attacked by a Fed. R. of Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations," the complaint is required to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Here, however, McGriff has complied with the requirements of *Twombly* and *Iqbal*. The Amended Complaint is not a "mere formulaic recitation of the elements," but rather it states the facts giving rise to the claim. McGriff set forth in the Amended Complaint statements alleging that "substantially younger and non-disabled employees were provided more favorable teaching assignments than Plaintiff, who is the Department Chair." Doc. #7, PAGEID#23. Additionally, McGriff alleged that other staff members with less seniority than her were given more favorable jobs. *Id*. McGriff also alleged in the Amended Complaint that her new job assignment "[has] created a hostile work[ ] environment for her and the extra travel associated with the assignments have exacerbated her hearing disability as well as her fibromyalgia." Doc. #7, PAGEID#25. *Twombly and Iqbal* do not require the plaintiff to plead detailed factual allegations. Thus, McGriff has complied with *Twombly* and *Iqbal* by setting forth more than mere labels or a formulaic recitation of the elements of the cause of action.

### B. *Prima Facie* Case for Employment Discrimination

While Beavercreek argued that McGriff failed to comply with the requirements of *Iqbal* and *Twombly*, Beavercreek also asserted that McGriff failed to plead a *prima facie* case for employment discrimination, because she failed to plead an adverse employment decision and a valid disability. However, a plaintiff is not required to prove a *prima facie* case in order to survive a motion to dismiss. *Williams v. Richland Co. Children Services*, 489 Fed. Appx. 848, 852 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002)) (affirming denial of defendant's motion to dismiss

plaintiff's § 1981 claim on the grounds that plaintiff's allegations were not conclusory, question-begged, or insusceptible to empirical verification).[2] "Under our case law, the plaintiff is only required to 'allege [ ] the statutory basis for [her] claim [ ] and ... set forth the factual predicate of [that] claim' [ ] to move ... past the pleading stage." *Id.* citing *Lindsay v. Yates*, 198 F.3d 434, 440 (6th Cir. 2007). If the plaintiff "gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," then the complaint must be upheld. *Lindsay,* 198 F.3d at 439 (citations omitted).

Here, both Count One, Age Discrimination, and Count Two, Disability Discrimination, require McGriff to allege an adverse employment action. Count Two, Disability Discrimination, requires that McGriff also allege a valid disability. Thus, Part 1 and Part 2 will address the requirements for an adverse employment action, and Part 2 will additionally address the requirements for a valid disability.

### 1. Count One – Age Discrimination

"The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to 'discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age.'" *Mitchell v. Vanderbilt Univ.*, 389 F.3d

---

2 The dissent in *Twombly* questioned whether *Swierkiewicz* was overruled by the majority's decision, however, the majority distinguished *Swierkiewicz* and expressed no intent to overrule the decision. Further, the Supreme Court's subsequent decision in *Erickson v. Pardus*, reaffirmed that Fed. R. Civ. P. 8(a) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (holding that granting the motion to dismiss plaintiff's Eighth Amendment complaint was improper).

177, 181 (6th Cir. 2004) (citing 29 U.S.C.§ 623(a)(1) (2019)). When pleading an age

discrimination claim, the plaintiff can present direct evidence or "indirect and

circumstantial evidence" of the employer's discriminatory motive. *Id.* Whether the

plaintiff proceeds with direct or indirect and circumstantial evidence, the plaintiff will

have to show that they were subjected to a material adverse employment action. *Id.*

To determine if the employment action was materially adverse the following are

considered:

> (1) whether there was a termination of employment (2) whether there
> was a demotion evidenced by a decrease in wage or salary (3) whether
> the employee is now subject to a less distinguished title (4) whether
> there is a material loss of benefits (5) whether the employee is subject
> to significantly diminished material responsibilities; or (6) whether
> there are other indices that might be unique to a particular situation.
> *Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 886 (6th Cir. 1996) (quoting
> *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir.
> 1993)).

In reviewing McGriff's Amended Complaint, the Court finds that she has "set

forth [a] factual predicate" of an adverse employment action. Although McGriff has

not pled that there was a termination of employment, that she received a decrease in

her wage or salary, that she is subject to a less distinguished title, or that she is

subject to a significant diminishment in material responsibilities, she has pled that

Beavercreek's actions have resulted in "lost pay, benefits and attorney fees" putting

Beavercreek on notice that McGriff claims these material benefit losses are a result of

an adverse employment decision. Doc. #7, PAGEID#24. The Court also finds that

McGriff has sufficiently alleged facts "unique to [this] particular situation" that could

support a finding of an adverse employment action. For example, she has alleged

that she "advised Defendant about the medical consequences of her hostile work

environment," including "the aggravation of her fibromyalgia condition, anxiety, emotional distress, [and] depression," all of which McGriff alleges are due to her placement teaching French instead of Spanish. Doc. #7, PAGEID#25.

It would be improper at this stage to dismiss McGriff's Amended Complaint, because a plaintiff does not have to prove a *prima facie* case in order to survive a motion to dismiss. *Williams*, 489 Fed. Appx. 848, 2012 WL 2874041 **4. Thus, for the reasons set forth above, the Court finds that the factual allegations of McGriff's Amended Complaint are sufficient under Fed. R. Civ. P. (8) to give Beavercreek notice as to what has been alleged. Moreover, she has sufficiently pled the elements of age discrimination in order to survive a motion to dismiss.

### 2. Count Two – Disability Discrimination

The Americans with Disabilities Act (ADA) "prohibits employers from discriminating against 'a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Kocsis*, 97 F.3d at 882 (citing 42 U.S.C. § 12112(a) (2019)). In order to prove a *prima facie* case of disability discrimination, a plaintiff must prove

> (1) [the individual] was 'disabled' within the meaning of the Act; (2) [the individual] was qualified for the position, with or without an accommodation; (3) [the individual] suffered an adverse employment decision with regard to the position in question; and (4) a non-disabled person replaced [the individual] or was selected for the position that the disabled person had sought. *Id.*

Beavercreek argues that McGriff has failed to show an adverse employment decision for a disability discrimination claim. An employment discrimination plaintiff, however, is not required to prove a *prima facie* case of a discrimination claim in order to survive a Motion to Dismiss. *Williams*, 489 Fed. Appx. 848, 2012 WL 2874041 **4. Thus, Plaintiff needs only put Beavercreek on notice of the claims against them.

Previously stated in this Decision and Entry, there are five direct actions that are evidence of an adverse employment decision. For the reasons set forth above, the Court finds that it would be improper at this stage to dismiss McGriff's Amended Complaint in response to Beavercreek's argument that she has failed to allege an adverse employment decision. Moreover, the Court notes that at this stage she has sufficiently alleged a "material loss of benefits" as well as facts "unique to [this] particular situation" that could support a finding of a materially adverse employment action.

Beavercreek further argues that McGriff's Amended Complaint should be dismissed for failure to allege a valid disability. "An individual is considered to have a 'disability' if either (1) they have an impairment that substantially limits one or more of their major life activities; (2) there is a record of such an impairment; or (3) they are regarded by their employer as having such an impairment." *Id.* (citing 42 U.S.C. § 12102(2) (2019)).

McGriff has alleged that she suffers from a 50% hearing deficiency and that she is required to use hearing aids as a result. Doc. #7, PAGEID#21. Additionally, she has alleged that she suffers from fibromyalgia. *Id.* The Court finds that these allegations are sufficient to put Beavercreek on notice of the impairments alleged by McGriff

"limit one or more of [her] major life activities," in support of her disability discrimination claim. She has also alleged that "she has advised Defendant about the medical consequences of being subject to this hostile work environment." Doc. #7, PAGEID#26. The Court finds that this allegation is sufficient to put Beavercreek on notice that McGriff contends that Beavercreek, as her employer, knew and regarded McGriff as having an impairment. Thus, the Court finds that at this stage McGriff has sufficiently put Beavercreek on notice of the alleged impairments upon which the disability discrimination claim is based upon.

At this time, McGriff is not required to prove the allegations have merit because "claims lacking merit may be dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514. Thus, she has satisfied the requirement that she put Beavercreek on notice of the basis for the claims in order to survive a Motion to Dismiss. *Lindsay*, 198 F.3d at 439.


**IV.    Conclusion**

For the foregoing reasons, Beavercreek's Motion to Dismiss Plaintiff's Amended Complaint, Doc. #9, is overruled.


Date: August 7, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE